OPINION
PER CURIAM.
Eugene Spuglio appeals from an order of the District Court dismissing his pro se personal injury action. For the reasons that follow, we will summarily affirm.
Spuglio, a resident of Pennsylvania, alleged that, in November 2008, while a patron at the Cabaret Lounge in Massachusetts, he was assaulted by four or five members of the Hells Angels. He further alleged that the Cabaret Lounge employees did nothing to stop the attack and did not call the police or 911.
Spuglio, proceeding pro se, later filed a diversity action in the United States District Court for the Eastern District of Pennsylvania seeking damages against Cabaret Lounge (“Defendant”) for personal injuries. He alleged that the Defendant’s employees were negligent in their failure to help him during the attack. The Defendant moved for dismissal for lack of personal jurisdiction or, in the alternative, improper venue. See Fed.R.Civ.P. 12(b)(2) — (3). The Defendant asserted, among other things, that it did not do business in or have contacts with Pennsylvania, that it did not own any property in Pennsylvania, and that it did not advertise in Pennsylvania.
In response, Spuglio argued that jurisdiction in Pennsylvania was proper because the Defendant advertised throughout the United States via the Internet. In support of his response, Spuglio submitted a printout of a Google[1] search that showed the address of and directions to the Defendant’s business. The Defendant responded by arguing that it had no control over Google’s website and, even if it did, the website was “passive” for jurisdictional purposes. See Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D.Pa.1997); see also Toys “R” Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452 (3d Cir.2003) (applying the Zippo test to a case involving non-resident website operators).
By order entered March 27, 2009, the District Court granted the Defendant’s motion to dismiss, and dismissed the complaint without prejudice for lack of personal jurisdiction. Spuglio filed a motion for a “Non-Pro-Tonk Evidence Hearing,” attempting to demonstrate that the Defendant operated an “active” website; the District Court denied the motion. Spuglio then filed a timely notice of appeal, again arguing that the Defendant’s website, which he claimed it had since taken down, was “active,” thus making the Defendant amenable to suit in Pennsylvania.
There are two types of personal jurisdiction: general and specific. General jurisdiction results from, among other things, “systematic and continuous” contact between a non-resident defendant and the forum state. See Int’l Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945). General jurisdiction allows the forum state to exercise personal *726 jurisdiction over non-resident defendants, even for non-forum-related activities. Specific jurisdiction allows for the exercise of personal jurisdiction over a non-resident defendant for actions arising out of the defendant’s contact with the forum. See Mellon Bank (East) PSFS, Nat’l Assn. v. Farino, 960 F.2d 1217, 1221 (3d Cir.1992). Spuglio did not specify which type of jurisdiction that Pennsylvania could properly exercise over the Defendant. He alleged, however, that the Defendant’s contact with Pennsylvania consisted of Internet advertisements. Spuglio’s injuries, which he suffered while patronizing the Defendant’s Massachusetts business, did not arise out of the Defendant’s alleged contact with Pennsylvania. Therefore, Spuglio must establish that the Defendant is subject to general jurisdiction in Pennsylvania.
The likelihood that a state can exercise personal jurisdiction over a non-resident defendant website owner depends on “the nature and quality of commercial activity that [the defendant] conducts over the Internet.” Zippo, 952 F.Supp. at 1124; Toys “R” Us, 318 F.3d at 453. We examine that commercial activity to determine where it falls on what has come to be known as the Zippo sliding scale. On one end of the sliding scale are defendants who actively do business over the Internet. An example would be one who “enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet.” Zippo, 952 F.Supp. at 1124. For such “active” defendants, the exercise of personal jurisdiction is proper. Id. On the other end of the scale are those who merely make information available on the Internet. Id. The exercise of personal jurisdiction over such “passive” defendants is improper.[2] Id.
The ability to use Google to locate the Defendant’s address and directions to its business does not make the Defendant subject to personal jurisdiction in Pennsylvania. The Defendant does not have control over Google’s website, and even if it did, the Google website that allows users to search for information about businesses is passive, as it does nothing more than provide information about businesses. Google also allows people to write reviews about the businesses that they have patronized. Potential customers can read these reviews. Spuglio refers to these reviews as advertisements. We disagree. The Defendant neither pays for nor controls these reviews. Even if these reviews are advertisements, “the mere posting of information or advertisements on an Internet website does not confer nationwide personal jurisdiction.” Remick v. Manfredy, 238 F.3d 248, 259 n. 3 (3d Cir.2001). To exercise personal jurisdiction over the Defendant on the basis of the information found on a Google search would not “comport with fair play and substantial justice.” Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal quotations omitted).
In his argument for appeal, Spuglio also claims that the Defendant took its website down after he initiated this suit. Since Google is still accessible, we assume that Spuglio is referring to some other website. Spuglio called this website “active” because it contained hyperlinks to the website’s administrator’s email address. Spuglio argued that, because emails sent to the administrator include the sender’s *727 email address, the Defendant learns that address and can then sell it.
We find this argument unpersuasive. The hyperlinks that Spuglio mentioned are the functional equivalent of printing the administrator’s email address on the website. This amounts to nothing more than making information (i.e., the administrator’s email address) available on the Internet, and does not amount to using the computer to enter into contracts with residents of other jurisdictions in the way that the Zippo test envisions for “active” defendants. By making the email address of its website’s administrator available, the Defendant did not direct its activities into Pennsylvania. To hale the Defendant into Pennsylvania to defend this suit would not “comport with fair play and substantial justice.” Id.
For the foregoing reasons, we conclude that this appeal presents no substantial question. Accordingly, we will affirm the judgment of the District Court.

. Google operates a website that includes, among other things, an Internet search engine, which allows users to search for websites, products, and images.

. There is also a middle ground between active and passive websites. In the cases that fall in the middle, the proper exercise of personal jurisdiction “is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.” Zippo, 952 F.Supp. at 1124. Because we agree with the Defendant that the websites mentioned by Spuglio are passive, the middle category does not apply in this case.